IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | 1:08CR54-1 |
| | ) | |
| DENTON SOLOMON BRAITHWAITE | ) | |

FINDINGS AND CONCLUSIONS

This case is before the Court following a remand by the Fourth Circuit Court of Appeals with the agreement of both parties "for further proceedings" in light of the United States Supreme Court's decision in Flores-Figueroa v. United States, 129 S. Ct. 1886, 173 L. Ed. 2d 853 (2009). On remand, Defendant Denton Solomon Braithwaite ("Defendant") waived his Constitutional right to trial by jury, and this matter came before the Court for a bench trial on January 13, 2010. At trial, the Court found Defendant GUILTY of the offense charged, Aggravated Identity Theft. In reaching this determination, the Court has considered all of the evidence presented in this case, and the Court's reasoning and findings of fact and conclusions of law are set out below.

I.  PROCEDURAL BACKGROUND

On February 26, 2008, Defendant was charged in a three-count indictment with: Passport Fraud in violation of 18 U.S.C. § 1542 in Count One; False Representation of a Social Security Number in violation of 42 U.S.C. § 408(a)(7)(B) in Count Two; and Aggravated Identity Theft, in violation of 18 U.S.C. § 1028A(a)(1) in Count Three. Defendant pled guilty on August 4, 2008 in this Court to Counts One and Three of the indictment, Passport Fraud and Aggravated Identity Theft, respectively, pursuant to a plea agreement with the Government under which Defendant retained his rights to appeal. On February 11, 2009, Defendant was sentenced to a

term of imprisonment of 13 months as to Count One and 24 months consecutive as to Count Three.

Defendant subsequently appealed his conviction to the U.S. Court of Appeals for the Fourth Circuit. While the case was on appeal, the Supreme Court issued its decision in Flores-Figueroa, which clarified the mens rea requirement of 18 U.S.C. § 1028A(a)(1) for Aggravated Identity Theft, and concluded that in order to establish a violation of § 1028A(a)(1), the Government must prove that the defendant knew that the Social Security number or other means of identification belonged to a real person. Flores-Figueroa, 129 S. Ct. at 1894. As discussed more extensively below, this holding abrogated a prior, contrary holding by the Court of Appeals for the Fourth Circuit. See id. at 1890 (citing United States v. Montejo, 442 F.3d 213 (4th Cir. 2006)). Following the Supreme Court's decision in Flores-Figueroa, both the Government and Defendant agreed that the case should be remanded, and the Fourth Circuit Court of Appeals then remanded the case to this Court for further proceedings.

On remand, Defendant did not seek reconsideration of his plea and sentence as to Count One for Passport Fraud, but Defendant did file a Motion to Withdraw his guilty plea as to Count Three of the indictment. The Court granted Defendant's Motion to Withdraw his plea as to Count Three in light of the Fourth Circuit's remand, on the grounds that Defendant had established a fair and just reason for requesting the withdrawal. Defendant also filed a waiver of his right to trial by jury pursuant to Federal Rule of Criminal Procedure 23, to which the Government agreed, and the Court accepted this waiver, finding that it was based upon a knowing, intelligent, and voluntary decision by Defendant to proceed to trial without a jury.

2

Defendant entered a plea of not guilty, and this matter was set for a bench trial on January 13, 2010. Following the short bench trial, the Court concluded that Defendant possessed the requisite knowledge that the means of identification in this case actually belonged to another person. The Court further concluded that the Government had established the essential elements of Aggravated Identity Theft beyond a reasonable doubt. Therefore, the Court found Defendant GUILTY of the offense of Aggravated Identity Theft in violation of 18 U.S.C. § 1028A(a)(1). The Court sentenced Defendant to two years imprisonment, to run consecutively to any time Defendant served under Count One of the indictment.

II.     FINDINGS AND CONCLUSION

The Court makes the following findings of fact and conclusions, as required by Federal Rule of Criminal Procedure 23(c):

Title 18 United States Code, Section 1028A(a)(1) provides a mandatory consecutive two-year term of imprisonment for anyone who "knowingly transfers, possesses, or uses, without lawful authority, a means of identification of another person" during and in relation to an enumerated crime, including Passport Fraud. See 18 U.S.C. § 1028A(a)(1), (b)(2) & (c)(7). In interpreting this statutory language prior to the Supreme Court's decision in Flores-Figueroa, the Court of Appeals for the Fourth Circuit concluded that the term "knowingly" applied only to the phrase "transfers, possesses, or uses." See Montejo, 442 F.3d at 215. Based on this determination, the Fourth Circuit concluded that in order to establish a violation of 18 U.S.C. § 1028A(a)(1) for Aggravated Identity Theft, the Government need only prove that the defendant knew that he or she possessed or used a "means of identification," even if the

3

defendant did not know that the means of identification actually belonged to another person. Id. at 215-17. However, in Flores-Figueroa, the Supreme Court abrogated Montejo, and concluded that the phrase "knowingly" applied to the entire statutory phrase "means of identification of another person." Flores-Figueroa, 129 S. Ct. at 1889-90. Based on this determination, the Supreme Court concluded that "§ 1028A(a)(1) requires the Government to show that the defendant knew that the means of identification at issue belonged to another person." Id. at 1894.

In reaching this conclusion, the Supreme Court considered the legislative history of § 1028A(a)(1), and questioned particularly whether Congress intended to permit conviction of "those who do not *know* the ID they unlawfully use refers to a real person." Id. at 1892 (emphasis in original). In answering this question, the Supreme Court noted that "the examples of theft that Congress gives in the legislative history all involve instances where the offender would know that what he has taken identifies a different real person." Id. at 1893 (internal quotations and alterations omitted). Thus, the legislative history supported the conclusion that the statute applied only to those who know that the identification they are using actually refers to a real person. See id.

In light of Flores-Figueroa, in order to obtain a conviction for a violation of 18 U.S.C. § 1028A(a)(1), the Government must prove four essential elements beyond a reasonable doubt: (1) defendant knowingly transferred, possessed, or used a means of identification; (2) defendant did so during and in relation to any felony enumerated in 18 U.S.C. § 1028A(c); (3) defendant did so without lawful authority; and (4) defendant knew that the means of identification

4

belonged to another person. In the instant case, the Government and Defendant have filed a joint Stipulation of Facts, which as both parties acknowledge, provides facts sufficient to establish the first three elements of the offense laid out above, in that, during and in relation to a felony listed in 18 U.S.C. § 1028A(c), Passport Fraud, Defendant knew that he possessed or used a means of identification, and Defendant did so without lawful authority. Accordingly, the sole issue remaining for trial was whether Defendant had actual knowledge that the means of identification in this case, belonged to another person.

In the instant case, the Stipulation of Facts establishes that Defendant was initially arrested on February 6, 2009, pursuant to an investigation by the U.S. Diplomatic Security Service ("DSS") into falsified passport application documents in the name of "Ivan Ezekiel Boyce." This DSS investigation determined that Defendant executed a passport application, which contained various identifiers actually belonging to another person named "Ivan Ezekiel Boyce" ("Boyce"), including *inter alia* Boyce's name, social security number, date of birth, and place of birth, Boyce's former spouse's name, Boyce's former spouse's date and place of birth, Boyce's date of marriage to his former spouse, and Boyce's parents' names, dates of birth and places of birth. Along with this application, Defendant presented a U.S. Virgin Islands birth certificate and a North Carolina identification card, both in Boyce's name. Defendant also attached to the application a photograph bearing his own image. Defendant signed the application, using the name "Ivan Ezekiel Boyce," certifying that all the answers provided were true.

5

Following Defendant's arrest, Defendant admitted to DSS agents that he paid an individual $3000.00 in exchange for the birth certificate. Defendant further told investigators that this person filled out the passport application for Defendant and also provided Defendant an identification card in Boyce's name. This individual was in fact the true Ivan Ezekiel Boyce. Boyce admitted to knowing Defendant and purchasing marijuana from him on a regular basis, but Boyce denied selling these documents to Defendant. Instead, Boyce claimed that he had earlier lost his wallet, which purportedly contained his birth certificate. However, both parties note that this contention by Boyce is not credible, since certain identifying details that were listed in the passport application, such as information about Boyce's parents and former spouse, would not have been listed on a birth certificate.

At trial, the Government presented two witnesses from the DSS and the Department of Homeland Security who testified with regard to the information contained in the passport application executed by Defendant, as well as the statements made by Defendant and Boyce. In addition, the Government entered several exhibits into evidence, including the offending documents in this case, which further corroborated Defendant's knowledge of Boyce's identity. Defendant presented no additional witnesses or evidence at trial, instead persisting in the claim that the Government had not met its burden of proving beyond a reasonable doubt that Defendant knew that the means of identification in this case actually belonged to another person, the true Ivan Ezekiel Boyce. Defendant conceded that he did pay Boyce for the birth certificate and identification information, but he maintained that the Government still had not shown that he actually knew that this information actually belonged to Boyce himself.

The Court however, found otherwise, concluding that the Government had met its burden and that Defendant was guilty of the offense charged, Aggravated Identity Theft. By his own admission, Defendant knew the true Ivan Ezekiel Boyce personally and met with him on a regular basis. In addition, Defendant paid Boyce $3000.00 in exchange for a birth certificate bearing Boyce's name, and Defendant permitted Boyce to fill out a passport application containing Boyce's true identification information. Defendant then used this information to procure a North Carolina identification card, bearing Boyce's name and Defendant's photograph. Together, Defendant presented these documents and information in order to obtain a U.S. passport in Boyce's name. Based on the uncontested evidence, the Court found beyond a reasonable doubt that Defendant had actual knowledge that the identification documents he unlawfully used or possessed during and in relation to the commission of Passport Fraud belonged to another person.

This determination was in line with the Supreme Court's decision in <u>Flores-Figueroa</u>, in that Congress' intent in enacting 18 U.S.C. § 1028A(a)(1) was to impose significant additional penalties in those aggravated cases where an offender deliberately misuses the identity of a real person. <u>Flores-Figueroa</u>, 129 S. Ct. at 1892-93. The Supreme Court concluded that Congress did not intend to impose these additional enhanced penalties on "those who do not *know* the ID they unlawfully use refers to a real person." <u>Id.</u> at 1892 (emphasis in original). In addition, the Supreme Court in <u>Flores-Figueroa</u> also addressed concerns regarding what is required to make a showing of actual knowledge, particularly noting "the difficulty in many circumstances of proving beyond a reasonable doubt that a defendant has the necessary knowledge." <u>Id.</u> at 1893.

7

The Supreme Court went on to comment that this showing "is generally not difficult to prove. For example, where a defendant has used another person's identification information to get access to that person's bank account, the Government can prove knowledge with little difficulty." Id. In this regard, Defendant insists that the Government has not produced sufficient evidence to show that Defendant had actual, subjective knowledge that the information Boyce provided was his true identity information. However, the Government is not required to produce evidence to make this showing beyond *all possible* doubt, but merely beyond a *reasonable* doubt. See United States v. Adkins, 937 F.2d 947, 950 (4th Cir. 1991) (holding that the "beyond a reasonable doubt" standard does not require proof "beyond all possible doubt"). Much like the bank account example cited above from Flores-Figueroa, Defendant in this case similarly used Boyce's true identification information in order to apply for a United States passport.[1] Defendant's purpose in using Boyce's means of identification in this case was to obtain a passport for himself in Boyce's name, using Boyce's true identification information. Therefore, Defendant's actions are subject to the enhanced penalties of 18 U.S.C. § 1028A(a)(1), since this case does not involve a Defendant "who do[es] not *know* the ID they unlawfully use[d] refers to a real person." Flores-Figueroa, 129 S. Ct. at 1892.

---

[1] The Court notes that the Flores-Figueroa bank account scenario involves a case where the defendant gains access to another person's account without that person's consent, while Defendant in the present case admitted to applying for a passport using Boyce's identification information, but contends that he had the consent of Boyce. However, both the Government and Defendant have agreed that the only remaining issue in this case is whether Defendant had the requisite knowledge that the means of identification actually belonged to another person. Accordingly, Defendant concedes that the Government has established the remaining essential elements of Aggravated Identity Theft, as they relate to Defendant's lack of lawful authority to use Boyce's identification or consent by Boyce himself.

8

Case 1:08-cr-00054-JAB   Document 40   Filed 02/16/10   Page 8 of 10

The Court concluded that the evidence in this case, particularly with regard to Defendant's admission that he had known Boyce personally, and that Boyce himself filled out the passport application for Defendant, demonstrated that Defendant was aware that Boyce was an actual person, and that Boyce's information of a very personal nature was contained in the passport application executed by Defendant. Based upon the evidence presented by the Government in this case, as well as the parties' joint Stipulation of Facts, the Court further concluded that the Government established beyond a reasonable doubt that Defendant had actual knowledge that the means of identification in this case belonged to another person, that is, Ivan Ezekiel Boyce. In addition, with respect to the other elements of the offense, the Court has found that Defendant knew that he used or possessed a means of identification, based on the fact that Defendant obtained a North Carolina identification card and executed a U.S. passport application using the identity documents in question. In addition, the Court has found that Defendant took this action during and in relation to Passport Fraud, a felony enumerated in 18 U.S.C. § 1028A(c), for which he was convicted in Count One. Finally, the Court has determined that Defendant lacked lawful authority to execute a false passport application in the name of "Ivan Ezekiel Boyce," using Boyce's identification information. Therefore, the Court hereby adjudges Defendant, Denton Solomon Braithwaite, guilty of the offense of Aggravated Identity Theft, as charged in Count Three of the Indictment.

III.   CONCLUSION

For all of these reasons, the Court finds and concludes that the Government met its burden and has shown beyond a reasonable doubt all of the elements of 18 U.S.C. § 1028A(a)(1). THEREFORE, a judgment of GUILTY is entered against the Defendant, Denton Solomon Braithwaite.

This, the 16 day of February, 2010.

_____<br>United States District Judge